1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  STEVEN KARL RANDOCK,                    1:10-cv-00170 GSA HC

10                  Petitioner,            ORDER DISMISSING PETITION FOR WRIT
                                           OF HABEAS CORPUS

11        v.                               ORDER DIRECTING CLERK OF COURT TO
                                           ENTER JUDGMENT AND CLOSE CASE
12
    NEIL H. ADLER,
13
                    Respondent.
14  _____/

15
16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241. Petitioner has returned his consent/decline form indicating consent

    to the jurisdiction of the Magistrate Judge.
18
19                                  BACKGROUND

20        Petitioner is currently serving a sentence of 36 months for convictions sustained in the

21  United States District Court for the Eastern District of Washington. He is incarcerated at Taft

    Correctional Institution located in Taft, California. Petitioner has a projected release date, via
22
    good conduct time release, of May 5, 2011.
23
24        Petitioner filed the instant federal petition for writ of habeas corpus on January 21, 2010.

25  He asks that the Court order the Bureau of Prisons ("BOP") to immediately evaluate him for

    transfer to a Residential Re-entry Center ("RRC").
26
27                                   DISCUSSION

28        A federal court may only grant a petition for writ of habeas corpus if the federal petitioner

can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a

prisoner to challenge "the very fact or duration of his confinement," and where "the relief he

seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action

pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of

that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.

Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is

necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In

other words, if a successful conditions of confinement challenge would not necessarily shorten

the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544

U.S. 74 (2005).  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau

of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights

by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions

of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action

rather than a habeas corpus petition).

In the instant petition, Petitioner's requests that the BOP immediately consider him for

transfer to an RRC for the full twelve months as provided in 18 U.S.C. § 3624(c) as amended by

the Second Chance Act of 2007, Pub. L. No. 110-199.  This claim does not challenge the fact or

duration of Petitioner's sentence. The Ninth Circuit has clarified that release to an RRC is not a

release from incarceration. Rodriguez v. Smith, 541 F.3d 1180 (9th Cir.2008). Therefore, a

transfer to an RRC will not affect the fact or duration of his confinement, and therefore does not

give rise to a claim for which habeas relief can be granted.  Accordingly, this Court does not have

subject matter jurisdiction to review the instant challenge under section 2241, and the petition

must be dismissed. In addition, the determination whether Petitioner should be placed in an RRC

is entirely within the discretion of the BOP. The Court is not aware of any authority which would

require the BOP to conduct an eligibility determination or immediate transfer upon an inmate's

demand. In any case, the BOP has instituted a policy of evaluating inmates for RRC placement

1  upon demand.

2      Petitioner also complains that the BOP's current policy of evaluating him within 17 to 19

3  months of his projected release date may foreclose him from seeking federal review because of

4  the exhaustion requirement. This claim is completely speculative, because it assumes the BOP

5  will not grant Petitioner placement in an RRC. Even assuming the BOP does not grant him RRC

6  placement, the exhaustion requirement would not necessarily bar him from federal review. The

7  exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow

8  v. United States, 730 F.2d 1308, 1313 (9th Cir.1984); Montgomery v. Rumsfeld, 572 F.2d 250,

9  252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional.

10  Morrison Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), *cert.*

11  *dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252. "Where exhaustion of

12  administrative remedies is not jurisdictional, the district court must determine whether to excuse

13  the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative

14  remedies before proceeding in court." Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990).

15  Therefore, in light of the timing issues that Petitioner contends might occur, exhaustion could be

16  excused in the court's discretion.

17                                  ORDER

18      Accordingly, IT IS HEREBY ORDERED:

19      1) The petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE;

20      2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

21      3) A certificate of appealability is not required in this case. Forde v. U.S. Parole Comm'n,

22  114 F.3d 878, 879 (9th Cir.1997).

23

24      IT IS SO ORDERED.

25  **Dated:   March 4, 2010**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE
26

27

28

                                        3